IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERKLEY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>vs.<br><br>LARRY DEMERATH,<br><br>                Defendant. | 8:24CV427<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Larry Demerath's Motion to Dismiss. Filing No. 18. Demerath, an attorney, moves to dismiss a declaratory judgment action brought by his malpractice insurance carrier Berkley Insurance Company ("Berkley"). Because the Court has personal jurisdiction, venue is proper in the District of Nebraska, and Berkley's complaint states a plausible claim for relief, Demerath's motion is denied.

**BACKGROUND**

This is an insurance dispute between an attorney and his malpractice insurance carrier.

Demerath is a Nebraska licensed attorney who was insured under malpractice insurance policies underwritten by Berkley. Filing No. 1 at 1–2, ¶¶ 1–2, 5–6. The policies were claims-made policies, meaning they covered any "Claim that is both first made against the Insured and reported in writing to the Insurer during the Policy Period . . . by reason of an act or omission in the performance of Legal Services by the insured." *Id.* at 3, ¶ 10. "Claim" was defined as "a demand for money or services, including the service of a suit or the institution of any alternative dispute resolution proceeding, received by the

1

insured arising out of an act or omission . . . in the render of, or failure to render Legal Services." *Id.* at ¶ 12.

Demerath is a defendant in a legal malpractice suit pending before the Court (the underlying litigation). *Demerath v. Johnson*, 8:24-cv-00208-JFB-RCC (D. Neb. Filed June 6, 2024). The underlying litigation arose out of Demerath's representation of a client in a motor vehicle accident case in the District of Nebraska (the Johnson matter). Filing No. 1 at 4–6, ¶¶ 13–25. Berkley alleges Demerath did not inform Berkley of the claim until July 15, 2024, despite: (1) receiving demand letters from his former client's malpractice counsel on August 21, 2023, and May 17, 2024, (2) being sued on June 6, 2024, and (3) unsuccessfully filing a Motion to Dismiss the underlying litigation on July 1, 2024. *Id.* at 6–9, ¶¶ 26–46. Based on those facts, Berkley seeks a declaration that it has no duty to defend or indemnify in the underlying litigation because Demerath did not provide notice of the claim in a timely manner. *Id.* at 10–12, ¶¶ 47–62.

Demerath moved to dismiss, arguing the Court lacked personal jurisdiction, the District of Nebraska is an improper venue for the suit, and Berkley's complaint fails to state a claim for relief. Filing No. 18; *see* Fed. R. Civ. P. 12(b)(2), 12(b)(3), & 12(b)(6). In support, Demerath submitted an affidavit, attesting that he lives in Florida, performed 95% of the work in the Johnson matter from Florida, and the address listed on his website is only a mailing address where he keeps no "office space or staff." Filing No. 18-2.

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(2) empowers the Court to dismiss an action if it lacks personal jurisdiction over the defendant. Personal jurisdiction tests whether "the defendant's conduct and connection with the forum [s]tate are such that he should reasonably

2

anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Nebraska's long arm statute (Neb. Rev. Stat. § 25-536) allows the Court to exercise personal jurisdiction to the fullest extent allowed by the Due Process Clause. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). Due process is satisfied if the defendant is "essentially at home" in the forum (general personal jurisdiction) or the suit arises "out of or relate to the defendant's contacts with the forum" (specific personal jurisdiction). *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021). The plaintiff, who invokes the Court's jurisdiction, has the burden of showing personal jurisdiction and the Court may rely on the allegations in the complaint and any outside evidence submitted by the parties. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011).

Fed. R. Civ. P. 12(b)(3) empowers the Court to dismiss an action if venue is improper. The standard for venue is codified at 28 U.S.C. § 1391(b)(2), which provides "a civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2) recognizes "venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there." *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). It does not require the Court to decide "which district among two or more potential forums is the 'best' venue" only whether "a substantial part of the events giving rise to the claim" occurred in the district. *Id.* (quoting *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)). "[T]he [C]ourt's *focus* must be on relevant activities of the defendant in the forum

state, not on the effect of those activities on the plaintiff in the forum state." *Id.* at 703 (emphasis in original).

Fed. R. Civ. P. 12(b)(6) empowers the Court to dismiss a case for "failure to state a claim." The question on a 12(b)(6) motion is whether the complaint contains sufficient factual allegations to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true" or a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). On a motion to dismiss, the Court must "draw all reasonable inferences in the nonmovant's favor." *Ingram v. Arkansas Dep't of Correction*, 91 F.4th 924, 927 (8th Cir. 2024) (internal citations omitted).

## DISCUSSION

### A. Personal Jurisdiction

While Demerath cites to Fed. R. Civ. P. 12(b)(2) as a basis for dismissal and references personal jurisdiction concepts in his briefing, he does not offer a substantive argument as to why this Court lacks personal jurisdiction. *See* Filing No. 18-1 at 1. This is of no matter, because any challenge to the Court's personal jurisdiction is meritless.

The Court previously rejected similar arguments in the underlying litigation. *See* Case No. 8:24-cv-00208, Filing No. 12. Specifically, the Court determined it had personal jurisdiction over Demerath because the malpractice claim based on a case litigated in the District of Nebraska, against a licensed Nebraska attorney who actively solicited clients in Nebraska. *Id.* at 3. Under such circumstances, the Court determined Demerath "should reasonably anticipate being haled into court" in Nebraska based on his contacts with the forum. *Id.* at 2 (quoting *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022)).

4

The same analysis applies here because the insurance coverage dispute arose out of Demerath's contacts with Nebraska.  *See* Zazzle, Inc., 42 F.4th at 952.  Even accepting Demerath's contentions that the "nerve center" of his law practice was, in fact, in Florida (*see* Filing No. 18-1 at 3),[1] this is a dispute over an insurance policy covering Demerath's practice of law in Nebraska, involving a pending malpractice action in the District of Nebraska based on his representation of a client in the District of Nebraska, who he solicited in his capacity as a Nebraska licensed attorney.  Because this dispute arose because of Demerath's contacts with Nebraska, the Court has specific personal jurisdiction over Demerath.

**B. Venue**

Demerath's challenge to venue is likewise meritless.  Venue is proper in the District of Nebraska[2] because a "substantial part of the events or omissions giving rise to the claim occurred" in the District of Nebraska.  28 USC § 1391(b)(2).  For example, in insurance coverage disputes over an insurance company's duty to defend or indemnify, venue is often proper in the same district as the underlying litigation.  Umoe Schat Harding, Inc. v. New York Marine & Gen. Ins. Co., No. CIV. 10-3722-WJM, 2011 WL 1211462, at *4 (D.N.J. Mar. 29, 2011) (finding a "substantial part of the events giving rise to the claim" occurred in New Jersey because "the litigation, which occurred in New Jersey, and the corresponding communication and settlement of that litigation, at least part of which occurred in New Jersey, that dictated Plaintiffs' need for coverage under the

---

[1] This fact may be relevant to whether the Court has general personal jurisdiction over Demerath's law practice.  Zazzle, Inc., 42 F.4th at 952 (explaining "General jurisdiction exists where a defendant is 'essentially at home' in the forum state); Ford Motor Company, 592 U.S. at 359 (a court has general personal jurisdiction over a corporation in its "principal place of business"). Because the Court clearly has specific personal jurisdiction, it does not address whether it has general personal jurisdiction.
[2] Demerath only moves for dismissal based on venue and does not move for change of venue under 28 U.S.C. § 1404.

Excess Insurance Policy."). Likewise, venue is proper in a district in which an insurance policy is purchased and issued. *Safeco Ins. Co. of Indiana v. Carlson*, 274 F. Supp. 3d 904, 907 (D. Minn. 2017). Demerath: (1) purchased an insurance policy covering his practice of law in Nebraska (and no other state), (2) represented a client in the District of Nebraska, (3) is currently participating in the underlying litigation about that representation in the District of Nebraska, and (4) the insurance dispute concerns the insurers duties vis-a-vis the underlying litigation. So, focusing on Demerath's actions, a "substantial part of the events or omissions giving rise to the claim occurred" in the District of Nebraska and venue is proper. 28 U.S.C. § 1391(b)(2).

Demerath resists this conclusion and appears to argue his alleged failures to furnish notice to Berkley occurred in Florida.[3] While this may establish that the suit could have been brought in Florida, § 1391(b)(2) contemplates that venue may be proper in multiple districts and the Court need not determine "which district among two or more potential forums is the 'best' venue." *Steen*, 770 F.3d at 702. Demerath engaged in sufficient activities in Nebraska to trigger venue here and the Court cannot dismiss simply because Florida is also a possible venue for this dispute.

## C. Failure to State a Claim

The basis for Demerath's 12(b)(6) is unclear. Certainly, Demerath disagrees with Berkley's assessment of the coverage issue, but this is not basis for dismissal under 12(b)(6). A motion to dismiss for failure to state a claim "is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's

---

[3] Conspicuously absent from Demerath's affidavit are any details concerning the location of communications with his former client's malpractice counsel, his communications with Berkley, or any other details of his purchase of malpractice insurance coverage. *See* Filing No. 18-2.

6

case." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1356 (4th ed. 2024); *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (making a similar point). Indeed, declaratory judgment is appropriate in "case[s] of actual controversy" over the scope of an insurance contract. 28 U.S.C. § 2201; *Harleysville Ins. Co. v. Physical Distribution Servs., Inc.*, 716 F.3d 451, 453 (8th Cir. 2013).  Here, it is clear the parties dispute whether Demerath complied with the notice provision of the policy and whether those omissions absolve Berkley of its duties to defend and indemnify in the underlying litigation.  Demerath concedes as much in his brief, writing "Plaintiff's allegations . . . that notification was insufficient under the terms of the malpractice insurance policy are all in controversy and cannot be determined without proper allegations, in-depth investigation, and evidence." Filing No. 18-1 at 9. So, an action for declaratory judgment is proper and the dispute over the scope of the contract is a merits question that cannot be resolved in a motion to dismiss.

## CONCLUSION

The Court has personal jurisdiction, venue is proper, and the complaint states a claim for relief.  Therefore, IT IS ORDERED,

1. Demerath's Motion to Dismiss (Filing No. 18) is denied.

Dated this 30th day of January, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
