IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERKLEY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY DEMERATH,<br><br>Defendant. | 8:24CV427<br><br>ORDER |

Before the Court is Berkley Insurance Company's ("Berkley's") Motion for Default Judgment (Filing No. 24) and Larry Demerath's ("Demerath") Motion for Extension of Time to File a Responsive Pleading (Filing No. 26). In this insurance coverage dispute, Berkley moved for default judgment after Demerath missed the deadline to answer the complaint. Demerath asks the Court to accept an untimely answer. The Court concludes default judgment is unwarranted for procedural and substantive reasons and Demerath may file his answer out of time.

## BACKGROUND

This is an insurance coverage dispute between a legal malpractice insurer, Berkley, and its insured, Demerath. Berkley filed its complaint seeking a declaration of its obligations to defend and indemnify Demerath in a pending malpractice case (Filing No. 1) and Demerath moved to dismiss (Filing No. 18). The Court denied Demerath's Motion to Dismiss on January 30, 2025. Filing No. 23. So, Demerath's deadline to answer was February 13, 2025. *See* Fed. R. Civ. P. 12(a)(4)(A) (establishing when a Court denies a Rule 12 motion, "the responsive pleading must be served within 14 days after notice of the court's action"). Demerath did not answer on February 13.

1

Three days later, Berkley moved for default judgment citing Demerath's failure to file a timely answer. Filing No. 24. Two days later (and five days after the answer deadline), Demerath filed a motion to extend the answer deadline. Filing No. 26 at 1. In the motion, he chalked up his failure to answer to a calendaring mistake and attached an answer to Berkley's complaint. *Id.* (explanation); *id.* at 3–6 (answer).

## LEGAL STANDARD

Fed. R. Civ. P. 55 governs the entry of default judgment and contemplates a two-step process. First, a party must first request an entry of default from the clerk. Fed. R. Civ. P. 55(a); NECivR. 55.1(c). Then, Fed. R. Civ. P. 55(b)(2) permits the Court to enter default judgment. "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party in the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (citations omitted). "[I]t is . . . appropriate for a district court to enter a default judgment when a party failed to respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). In exercising its discretion, the Court considers:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Public School Dist.*, 786 F.3d at 661. Default judgment is "not favored under the law" because "there is a judicial preference for adjudication on the merits." *Id.* (citations omitted).

Fed. R. Civ. P. 6(b)(1)(B) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). At the bottom, this is an equitable determination "taking account of all relevant circumstances surrounding the party's omission," including: "(1) the possibility of prejudice to [Berkley]; (2) the length of [Demerath's] delay and the possible impact of that delay on judicial proceedings; (3) [Demerath's] reason for delay . . .; and (4) whether [Demerath] acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395 and *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855–56 (8th Cir. 1999).

## DISCUSSION

The Court declines to enter default judgment for two reasons, one procedural and one substantive.

*First*, Berkley's motion is procedurally premature because Berkley jumped the gun and moved for default judgment without first obtaining an entry of default from the clerk. "When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Here, Berkley did not request a clerk's entry of default under Fed. R. Civ. P. 55(a) and NECivR.

55.1(c) before coming to the Court. This alone precludes entry of default judgment. *Tollefson v. Pladson*, 508 F. App'x 593, 595 (8th Cir. 2013) (reversing an entry of default judgment because the movant failed to first obtain a clerk's entry of default).

*Second*, putting aside its procedural shortcomings, Berkley's motion fails on the merits. "[D]efault judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Same here. Demerath missed the answer deadline by five days. While the Court appreciates Berkley's interest in resolving the coverage issue quickly, Berkley has not identified any prejudice, let alone substantial prejudice, it has suffered because of the five-day delay at the pleading stage. Indeed, Demerath attached an answer to his response to Berkley's Motion for Default Judgment. Filing No. 26. Effectively, Berkley is in the same place it would have been, had Demerath filed a timely answer. Turning to the other side of the ledger, default judgment would be unduly harsh on Demerath. A default judgment would strip Demerath of his insurance coverage and, potentially, his counsel in a pending malpractice case, prejudicing his ability to defend against the claim. Such a consequential outcome should be decided on the merits, not on default judgment. Finally, as discussed below, Demerath's failure to answer was the result of excusable neglect not bad faith or lack of interest in defending the case on the merits. In sum, the Court will not enter default judgment based on Demerath's "marginal failure to comply with time requirements." *Ackra Direct Marketing Corp.*, 86 F.3d at 856.

Demerath is permitted to answer out of time.  Though the answer deadline passed, the Court may extend the deadline if Demerath failed to answer "because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Here, "taking into account all relevant circumstance" the Court concludes Demerath's calendaring error is excusable neglect.  *Chorosevic*, 600 F.3d at 947.  Five days is a brief delay.  The delay has not prejudiced Berkley.  The case is in its early stages, so accepting a late answer will not throw the discovery, dispositive motion, or trial schedule into chaos.  Demerath did not act in bad faith and owns up to his mistake.  Filing No. 26-1 at 1 ("Defendants humbly admit they mis-calendared the due date while out of town attending an American Association for Justice Conference seminar in Miami and consequently failed to answer Plaintiff's Complaint within 15 days . . ..").  While the Court is troubled that Demerath, an experienced attorney, missed his deadline to answer in such a serious matter, Fed. R. Civ. P. 6(b)(1)(B) allows the Court to excuse such "inadvertence, mistake, or carelessness" as the equities demand.  *Chorosevic*, 600 F.3d at 947.  So, the Court excuses Demerath's neglect and will let him file his answer out of time.

## CONCLUSION

After considering the equities of the situation, the Court concludes this matter should be decided on the merits, notwithstanding Demerath's late answer.

Therefore, IT IS ORDERED

1. Berkley's Motion for Default Judgment (Filing No. 24) is denied.
2. Demerath's Motion to Answer Out of Time (Filing No. 26) is granted.  Demerath is directed forthwith to <u>separately file</u> the answer copied in his motion (Filing No. 26).

3. The Magistrate Judge is directed to enter a scheduling order for progression of this matter.

Dated this 20th day of February, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge