IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERKLEY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>LARRY DEMERATH,<br><br>    Defendant. | 8:24CV427<br><br>SECOND AMENDED FINAL PROGRESSION ORDER |

IT IS ORDERED that the parties Stipulation Re: Joint Proposed Amended Final Progression Order is approved. (Filing No. 60). The First Amended Final Progression Order is amended as follows:

1) Subject to the Court's discovery dispute procedure, Plaintiff may file a Motion to Compel Written Discovery as to Plaintiff's Interrogatories Nos. 18, 19, and 20, and Plaintiff's Requests for Production No. 15. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by October 31, 2025.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

2) The deadline for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is October 20, 2025.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

3)  The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is January 30, 2026.

4)  The deadline for filing motions to dismiss and motions for summary judgment is February 27, 2026.

5)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is January 30, 2026.

6)  Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)  Deadlines not specifically amended by this order are unchanged. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 10th day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge